IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROVELLA JOHNSON,**<br>            **Plaintiff,** | **CIVIL ACTION** |
| v. | |
| **PHILADELPHIA HOUSING AUTHORITY,**<br>            **Defendant.** | **NO. 14-5393** |

### MEMORANDUM OPINION

This matter is before the Court on Defendant Philadelphia Housing Authority's ("PHA") Partial Motion to Dismiss. At a previous hearing on Defendant's Motion, on December 8, 2014, the Court dismissed the claims against the named individual defendants. At that time, the Court deferred ruling on Count II of the Complaint (which alleges that PHA violated the anti-retaliation provisions of the Civil Rights Act) to grant the parties additional time to locate the internal complaint on which the Plaintiff bases her retaliation claim. The Court subsequently directed the parties to file supplemental briefing with respect to Defendant's Motion to Dismiss Count II of the Complaint, and they have done so. In consideration of the parties' briefing, the Court now dismisses Count II of the Complaint for the reasons set out below.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept as true the well-pled factual allegations of a complaint, that tenet does not apply to statements of legal conclusions, *Ashcroft*, 556 U.S. at 663, or to "threadbare recitals of the elements of a cause of action supported by mere conclusory statements," *Arango v. Winstead*, 352 F. App'x 664, 665 (3d Cir. 2009).

In Count II, Plaintiff seeks relief under Title VII's retaliation provision, which states: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). That provision "protect[s] employees who participate in Title VII's statutory processes or who otherwise oppose employment practices made illegal by Title VII." *Curay-Cramer v. Ursuline Acad. of Wilmington Delaware, Inc.*, 450 F.3d 130, 134 (3d Cir. 2006). To state a claim of retaliation, a plaintiff must allege that he engaged in protected activity. *Id.*; *Barber v. CSX Distrib. Serv., Inc.*, 68 F.3d 694, 701 (3d Cir. 1995). "A general complaint of unfair treatment is insufficient to establish protected activity under Title VII." *Curay-Cramer*, 450 F.2d at 135.

In *Barber*, the court held that a letter to human resources that complained of unfair treatment in general but did not specifically complain about age discrimination was an insufficient basis on which to establish a *prima facie* case that the plaintiff had engaged in protected conduct for the purposes of a retaliation claim. *Barber*, 68 F.3d at 701-02. As in Barber, the Plaintiff here argues that the concerns she expressed in an internal complaint form adequately support her retaliation claim. A review of that internal complaint, however, shows a variety of personal and professional grievances, but no reference whatsoever to age discrimination. Accordingly she has failed to state a claim, and Count II of the Complaint shall be dismissed with prejudice.

Date: _____                                **BY THE COURT:**

                                                  **/S/ WENDY BEETLESTONE, J.**

                                                  _____
                                                  **WENDY BEETLESTONE, J.**