IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROVELLA JOHNSON,**<br>          **Plaintiff,**<br><br>          v.<br><br>**PHILADELPHIA HOUSING AUTHORITY,**<br>          **Defendant.** | **CIVIL ACTION**<br><br><br><br>**NO. 14-5393** |

## MEMORANDUM OPINION

Plaintiff Rovella Johnson sues her former employer the Philadelphia Housing Authority (the "PHA"), alleging that it failed to promote her and then terminated her employment due to age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. PHA moves for summary judgment. For the reasons discussed below, the motion will be granted.

### I.   BACKGROUND

Johnson was hired as a management trainee on June 14, 2010. Joint Appendix at 73 ("J.A."). She was forty-one years old on the date she was hired. *Id*. at 20, 28. Sondra Nelson was Johnson's direct supervisor until Nelson left PHA in June 2012. *Id*. at 22, 34. Following Nelson's departure, Patricia Ripka was Johnson's supervisor for the remainder of Johnson's employment there. *Id*. 24, 43-44.

PHA terminated Johnson's employment on October 15, 2012. *Id*. at 77. It's files show that Johnson was far from an exemplary employee: Indeed, she was subject to disciplinary action on five occasions during her twenty-eight month employment. First, on March 2, 2011, Johnson was 'written-up for "[e]xhibiting threatening behavior, or engaging in a violent act on PHA property." *Id*. at 78. On that occasion Johnson initially was fired, but the termination was

subsequently reduced to a five-day suspension. *Id*. at 78, 79. On September 27, 2011, Plaintiff was again suspended for five days for "Unauthorized use of Authority property and/or vehicles" when she drove a PHA vehicle to go to have her hair braided. *Id*. at 85, 91. Early in the following year, in January, 2012, Johnson was reprimanded when she failed to attend a grievance hearing involving a PHA tenant. *Id*. at 36. On August 27, 2012, PHA records reflect that Johnson was disciplined with a one-day suspension for being absent without leave on August 16, 2012 and August 21, 2012. *Id*. at 82. Johnson denies that she was absent without leave on those occasions, but she does not deny that she was suspended. *Id*. at 38, 99-100. Finally, Johnson was reprimanded again on September 11, 2012 for taking an excessive number of sick days. *Id*. at 83.

  Although Johnson testified generally that no one ever stated to her that they were unhappy with her work performance, specific and unrebutted documentary and testimonial evidence reflect to the contrary. Ripka met with Johnson on June 20, 2012 to discuss her concerns regarding areas in which Johnson needed to improve as well as Ripka's expectations for Johnson's performance. *Id*. at 103, 141. Included in those expectations were a number of specific tasks to be done by certain deadlines. Ripka also tasked Johnson with improving rent collection at her housing site. Id. at 103.

  Johnson also had difficulties fulfilling here responsibility to perform recertifications of tenants' eligibility for PHA's housing program. *Id*. at 23, 40, 141. On July 12, 2012, Ripka conducted a file review of Johnson's recertifications. *Id*. at 103, 141. In a memorandum Ripka wrote to Johnson's personnel file, she described numerous errors in each of the five files that she reviewed. *Id*. In light of those mistakes, Ripka met again with Johnson on July 24, 2012, reviewed the errors in the recertifications files and again expressed her expectations regarding

Johnson's job performance. *Id.* Although they were scheduled to meet again on August 21, 2012, to discuss Johnson's performance, Johnson was absent without leave and did not show up for the meeting. *Id*. at 141.

In August 2012, Johnson was being considered for a promotion from Management Trainee to Asset Manager. *Id*. at 104, 144. As part of that process, the Human Resources Department asked Ripka, as Johnson's immediate supervisor, to provide a memorandum regarding her view of the potential promotion. *Id.*[1] Ripka declined to recommend Johnson for promotion. She stated:

> At this time I am unable to recommend Ms. [Johnson] for promotion to Asset Manager. I do not feel that she has the skill set to manage a site effectively or work in a team environment. Ms. [Johnson] was given the task of improving the rent collection at that site for the month of July. That did not occur, in fact, the rent collection dropped for that month. She arrived at court on July 5th late and un-prepared. Several cases were withdrawn with clients owing rent. In addition I reviewed files from five completed recertifications and found issues with each file. In the past week, there also have been personality conflicts with the site manager which are escalating.

*Id*. at 104. PHA declined to promote Johnson to Asset Manager. *Id*. at 102.

Ripka conducted a follow-up review of Johnson's recertification files on October 11, 2012 and found numerous errors in each of the three files she reviewed. *Id*. at 108. After the review on October 11, 2012, Ripka wrote a memorandum detailing her complaints with Johnson's work. In the memorandum, she referred to her June 20, 2012 performance review meeting in which she had expressed her "expectations for improving [Johnson's] sites Key Performance Indicators," and stated that she had met again with Johnson on July 24, 2012 to review her progress, but that Johnson's site continued to be the worst performing site at rent collecting in the division, without any "conspicuous improvement." *Id*. at 103. Furthermore,

---

[1] The memo is dated October 12, 2012; however, Ripka testified that the document was misdated and that it actually was sent in August, 2012. *Id*. at 144.

3

Ripka reviewed Johnson's various failures to make the improvements Ripka had asked of her and Johnson's repeated problems with attendance.  *Id*.

In her Response to Defendant's Statement of Undisputed Material Facts, Johnson denies the various criticisms of her work.  However, her sole, repeated response to each of the allegations she denies is that: "Plaintiff testified that the managers whom she worked under were not dissatisfied with her performance and they had no concerns with her performance."  Pl.'s Response to Def.'s Statement of Undisputed Material Facts ¶¶ 16-17, 26, 30, 38, 40, 43, 45-46, 52, 71, 73.  The sole evidence that, Johnson cites to in support of her claim that PHA acted out of discrimination in declining to promote her and then firing her is her own testimony about a conversation she had with her former supervisor, Sondra Nelson.  She testified that Nelson "pretty much told me that upper management was trying to get out some of the old dogs and you know, just steer things in a different direction."  J.A. at 42, 115.  When asked what she understood that statement to mean, Johnson replied:  "Well her statement was in direct response to my question of why all these younger people are being placed in positions that they may not even be qualified for and I'm being overlooked."  *Id*. at 42, 115-16.

## II.  LEGAL STANDARD

Summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), "is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  *Alabama v. North Carolina*, 560 U.S. 330, 345 (2010) (citations and internal quotation marks omitted).  "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;

the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986); *Anderson*, 477 U.S. at 248-52). A fact is material if it might affect the outcome of the suit under the governing law. *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006). "The reviewing court should view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013). However, to prevail on a motion for summary judgment, "the non-moving party must present more than a mere scintilla of evidence; 'there must be evidence on which the jury could reasonably find for the [non-movant].'" *Jakimas v. Hoffmann-LaRoche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

## II.   ANALYSIS

### A.  *Failure to Promote*

Discrimination claims under the ADEA are analyzed under the burden shifting analysis stated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under that analysis Plaintiff bears the initial burden to establish a prima facie case. *Id*. To carry that burden, a plaintiff must show that:

> (1) the plaintiff belongs to a protected class; (2) he/she was qualified for the position; (3) he/she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position.

*Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003).

Johnson has not met her prima facie burden.  She has established that she belongs to a protected class and that she was subject to an adverse employment action.  PHA, however, through its unrebutted evidence of her poor performance and her record of disciplinary infractions has shown that she was not qualified for the promotion.  In addition, Johnson has not shown "circumstances that raise an inference of discriminatory action" with respect to PHA's decision not to promote her.  *Id.* at 797.  The only evidence she points to to raise such an inference is her own testimony that her former immediate supervisor, Sondra Nelson, once commented that upper management "were attempting to get some of the old dogs out and you know, just steer things in a different direction."  J.A. at 42.  This testimony is insufficient to raise an inference of discriminatory purpose for two reasons.  First, Johnson's testimony about a statement made by Nelson is hearsay.  It is an out-of-court statement made by Nelson offered to prove the truth of the matter asserted—that PHA was attempting to get rid of older workers—and it therefore would be inadmissible at trial.  *See* Fed. R. Evid. 801(c), 802.  "Hearsay statements that would be inadmissible at trial may not be considered for purposes of summary judgment." *Smith v. City of Allentown,* 589 F.3d 684, 693 (3d Cir. 2009).  Thus, Johnson cannot rely on her testimony regarding a statement made by Nelson to meet her burden on summary judgment.  Second a single remark by Johnson's former supervisor, who was not involved in the decision not to promote her, about her opinion of "upper management['s]" views does not rise to the level of evidence of discriminatory intent.  "It is well-settled that stray remarks . . . by nondecisionmakers or by decisiomakers unrelated to the decision process generally do not constitute direct evidence of discrimination . . . ."  *Bailey v. United Airlines*, No. 97-5223, 2002 WL 1397476, at *10 (E.D. Pa. June 26, 2002) (citing *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 359 (3d Cir. 1999)).

Moreover, Johnson has not presented any evidence that PHA "continued to seek out individuals with qualifications similar to [hers] to fill the position." *Sarullo*, 352 F.3d at 798. PHA's Statement of Undisputed Material Fact 71 states:  Plaintiff has not—and cannot—put forward any evidence establishing that the PHA replaced her, let alone replaced her with a younger employee." Although Johnson denies that statement in her Response to Defendant's Statement of Undisputed Facts 71, she provides no citation to any evidence to support her denial and only restates the hearsay remark allegedly made to her by Nelson to the effect that PHA was looking to get rid of older employees.  Pl.'s Resp. to Def.'s Statement of Undisputed Material Facts ¶ 71.  Thus, Johnson fails to raise a disputed issue of material fact regarding the existence of circumstances giving rise to an inference of discrimination.  "If a plaintiff fails to raise a genuine dispute of material fact as to any of the elements of the prima facie case, she has not met her initial burden, and summary judgment is properly granted for the defendant." *Burton*, 707 F.3d at 426.

### B.  Termination

To state a prima face case for age discrimination in an action alleging discriminatory termination, the plaintiff must show that:

> (1) she is forty years of age or older; (2) the defendant took an adverse employment action against her; (3) she was qualified for the position in question; and (4) she was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus. . . .

*Id*. (citing *City of Allentown*, 589 F.3d at 690).

Once again, Johnson has shown that she is over forty years of age and that her employer took an adverse employment action against her.  As discussed above, however, PHA has set forth specific, unrebutted evidence that she was not qualified for her job.  Moreover, she has failed to controvert Defendant's Statement of Undisputed Material Fact 76 that "[t]here is no evidence in

the record that Plaintiff was replaced with a younger employee (or at all) . . ." with any citation to record evidence.  Johnson denied PHA's statement, but her justification and citation for that denial was unresponsive.  She merely cited again to her hearsay testimony:  "Defendant was told by Sharon [sic] Nelson that management was seeking to get rid of the older workers and move things in a different direction."  Pl.'s Response to Def.'s Statement of Undisputed Material Facts ¶ 76.  Therefore, she cannot establish an element of her prima facie case of discriminatory termination and summary judgment is appropriate against her on that claim as well.  *Burton*, 707 F.3d at 426.

      An appropriate Order follows.

                                                **BY THE COURT:**

                                                **/S/WENDY BEETLESTONE, J.**

                                                **_____**

                                                **WENDY BEETLESTONE, J.**